## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005,<br><br>AIR ALLIANCE HOUSTON<br>3914 Leeland Street<br>Houston, TX 77003, and<br><br>SIERRA CLUB<br>1202 San Antonio Street<br>Austin, TX 78701,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>SCOTT PRUITT, in his official capacity as<br>Administrator, U.S. Environmental Protection<br>Agency,<br>William Jefferson Clinton Building<br>Mail Code 1101A<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460,<br><br>     *Defendant*. | Civil Action No. 1:17-cv-1439<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## STATEMENT OF THE CASE

1. This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and the declaratory judgment statute, 28 U.S.C. §§ 2201, 2202.

2. With this action, Plaintiffs Environmental Integrity Project, Air Alliance Houston, and Sierra Club ("Plaintiffs") seek an order declaring that the United States Environmental Protection Agency ("EPA"), through the Defendant EPA Administrator Scott Pruitt ("Administrator") is required, pursuant to 42 U.S.C. § 7661d(b)(2), to grant or deny a petition filed

by Plaintiffs.  The petition requests that the Administrator object to Title V Permit No. O1553

("Proposed Permit" or "Permit"), issued by the Texas Commission on Environmental Quality

("TCEQ") to the ExxonMobil Corporation authorizing operation of the company's Baytown

Olefins Plant.  *See* Exhibit A (Petition to Object to Proposed Permit) (attachments omitted).

Plaintiffs also seek an order requiring the Administrator to perform his non-discretionary duty to

grant or deny this petition.

## JURISDICTION, VENUE, AND NOTICE

3.      This is a Clean Air Act citizen suit.  Thus, this Court has subject matter jurisdiction

over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air

Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. §

7604(d).  The Clean Air Act is a federal statute.  The Administrator is an agent of the United States

government.  Thus, this Court has subject matter jurisdiction over the claims set forth in this

complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant).

This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor

does it involve the Tariff Act of 1930.  Thus, this Court has authority to order the declaratory relief

requested under 28 U.S.C. § 2201.  If the Court orders such relief, 28 U.S.C. § 2202 authorizes

this Court to issue injunctive relief and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs

their costs and attorneys' fees.

4.      A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims

occurred in the District of Columbia.  In addition, this suit is being brought against the

Administrator in his official capacity as an officer or employee of the United States Environmental

Protection Agency, residing in the District of Columbia.  Thus, venue is proper in this Court,

pursuant to 28 U.S.C. § 1391(e).

5.      As required by 42 U.S.C. § 7604(b)(1)(A), Plaintiffs notified the Administrator of the EPA of the violations alleged in this complaint and of Plaintiffs' intent to sue, via certified first-class mail on November 10, 2016.  *See* Exhibit B (Notice of Intent to Sue Administrator McCarthy for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O1553) (attachments omitted).  More than 60 days have passed since the Administrator received this notice of intent to sue letter.  The Administrator has not acted to remedy the violations alleged in this complaint.  Therefore, an actual controversy exists between the parties.

PARTIES

The Plaintiffs

6.      Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national nonprofit corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, like chemical plants and petroleum refineries.  EPA's failure to timely respond to the petition, which demonstrates that the Title V permit fails to comply with the law, adversely affects EIP's ability to assure that ExxonMobil complies with Clean Air Act requirements at the Baytown Olefins Plant.

7.      Plaintiff AIR ALLIANCE HOUSTON is a 501(c)(3) nonprofit organization whose mission is to reduce air pollution in the Houston region and protect public health and environmental integrity through research, education, and advocacy.  Air Alliance Houston is active throughout the greater Houston area, with a particular focus on the communities and industry around the Houston Ship Channel.

8.      Plaintiff SIERRA CLUB is one of the Nation's largest and oldest grassroots nonprofit membership organizations.  Sierra Club's Texas chapter was formed more than forty years ago and has a long history of working to reduce power industrial air pollution that adversely

affect air quality in Texas.  Sierra Club petitioned the Administrator to object to Title V Permit No. O1553, because the permit fails to comply with applicable Clean Air Act requirements.  The Administrator's failure to perform his non-discretionary duty to grant or deny this petition injures the organizational interests of Sierra Club as well as the concrete public health interests of its members.

9.      Plaintiffs have an interest in ensuring that ExxonMobil's Title V operating permit complies with all applicable federal requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution from the Baytown Olefins Plant.  These members and employees, as well as Plaintiff organizations, will be adversely affected if EPA fails to object to ExxonMobil's Title V permit.

The Defendant

10.      Defendant SCOTT PRUITT is the Administrator of the Environmental Protection Agency.  The Administrator is responsible for implementing and enforcing the Clean Air Act.  As described below, the Clean Air Act assigns to the Administrator a non-discretionary duty to grant or deny timely filed Title V petitions within 60 days.

11.      For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries that the Court can redress through this case.

**LEGAL AUTHORITY**

12.      The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population.  42 U.S.C. § 7401(b)(1).  To advance this goal, Congress amended the Act in 1990 to establish the Title V operating permit program.  *See* 42 U.S.C. §§ 7661-7661f.  Title V of the Clean Air Act provides

that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter. 42 U.S.C. § 7661a(a).

13.     ExxonMobil's Baytown Olefins Plant is a major source subject to Title V permitting requirements.

14.     The Clean Air Act provides that the Administrator may approve a state's program to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d). The Administrator approved Texas's administration of its Title V operating permit program. 61 Fed. Reg. 32693 (June 25, 1996); 66 Fed. Reg. 66318 (December 6, 2001). Thus, the TCEQ is responsible for issuing Title V operating permits in Texas.

15.     Before the TCEQ may issue, modify, or renew a Title V permit, it must forward the proposed permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). The Administrator then has 45 days to review the proposed permit. The Administrator must object to the permit if he finds that it does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit. 42 U.S.C. § 7661d(b)(2).

16.     If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days. *Id*.

17.     The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

18.     ExxonMobil's Baytown Complex is located in Harris County, Texas.   The complex consists of a petroleum refinery, a chemical plant, and an olefins plant and is the largest integrated petrochemical manufacturing facility in the United States.   Each of the three sources that comprise ExxonMobil's Baytown Complex is a major source of air pollution that emits a variety of federally regulated pollutants, including particulate matter, nitrogen oxides, sulfur dioxide, volatile organic compounds, and hazardous air pollutants.

19.     ExxonMobil applied to the TCEQ for a minor revision to Title V Permit No. O1553 for the Baytown Olefins Plant on August 29, 2014.  The Executive Director of the TCEQ issued a draft revision operating permit ("ExxonMobil Draft Permit"), notice of which was announced on the TCEQ's Title V Minor Revision Public Announcement webpage on July 7, 2015.  The public comment period for the ExxonMobil Draft Permit ended on August 6, 2015.

20.     On August 6, 2015, Plaintiffs submitted timely written comments to the TCEQ during the public comment period.  The comments identified specific deficiencies contained in the ExxonMobil Draft Permit.

21.     EPA's 45-day review period for the proposed permit ended on June 10, 2016.  EPA did not object to the permit.

22.     On August 8, 2016, Plaintiffs timely filed with EPA a petition to object to the ExxonMobil Title V operating permit ("Petition").  42. U.S.C. § 7661d(b)(2).  The Petition was based on objections to the ExxonMobil Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

23.     Though the Administrator was required to grant or deny the Petition within 60 days, he has not yet done so.  42 U.S.C. § 7661d(b)(2).

24.     On November 10, 2016, Plaintiffs sent then-Administrator Gina McCarthy notice of their intent to sue for her failure to grant or deny the Petition within 60 days.

## CLAIM FOR RELIEF

### VIOLATION OF 42 U.S.C. § 7661d(b)(2)
### (Failure to Respond to Plaintiffs' Petition)

25.     Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-24.

26.     The Clean Air Act required the Administrator to act on the Petition within 60 days of its filing.  42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).  This is a non-discretionary duty.

27.     It has been more than 60 days since the Administrator received the Petition.  The Administrator's failure to grant or deny the Petition constitutes a failure to perform an act or duty that is not discretionary.  42 U.S.C. § 7604(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

A.     Declare that the Administrator's failure to grant or deny the Plaintiffs' Petition within 60 days constitutes a failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B.     Order the Administrator to grant or deny the Petition within sixty (60) days;

C.     Retain jurisdiction over this action to ensure compliance with the Court's Order;

D.     Award Plaintiffs their costs and fees related to this action; and

E.     Grant such other relief as the Court deems just and proper.

Respectfully submitted this 20th day of July, 2017.

*/s/ Adam Kron*
ADAM KRON (D.C. Bar No. 992135)
Environmental Integrity Project
1000 Vermont Ave. N.W., Suite 1100
Washington, D.C. 20005
 (202) 263-4451
(202) 296-8822
akron@environmentalintegrity.org

*Attorney for Plaintiffs*