# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUBMIA

|  |  |  |
|---|---|---|
| | ) | |
| ENVIRONMENTAL INTEGRITY PROJECT, et al. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-01439-ABJ |
| SCOTT PRUITT, in his official capacity as Administrator, U.S. Environmental Protection Agency, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

Defendant Scott Pruitt, Administrator of the United States Environmental Protection Agency (EPA), responds to the numbered paragraphs of the First Consolidated Amended Complaint for Declaratory and Injunctive Relief (the Complaint) [ECF #1], as follows:

### STATEMENT OF THE CASE

1.      This Paragraph characterizes the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Complaint, EPA denies those allegations.

2.      The first and third sentences of this Paragraph characterize the Complaint, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first and third sentences are inconsistent with the Complaint, EPA denies the allegations.  The second sentence of this Paragraph characterizes the Plaintiffs' petitions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second sentence are inconsistent with the petitions, EPA denies the allegations.  Additionally, the allegations in the

second sentence of this Paragraph that the five sources are major sources of air pollution are

legal conclusions to which no response is required.

3.　　EPA admits that copies of petitions relating to the identified permits for the

Baytown Olefins Plant, the Baytown Refinery, the Pasadena Refinery, the Port Arthur Refinery,

and the Welsh Power Plant are attached to the Complaint as Exhibits A, B, C, D, and E,

respectively, but deny that the copies are complete because they do not include their respective

attachments.  The chart in this Paragraph characterizes the petitions and the permits, which speak

for themselves and are the best evidence of their contents.  To the extent the allegations are

inconsistent with the petitions or the permits, EPA denies the allegations.

## JURISDICTION, VENUE, AND NOTICE

4.　　EPA admits that the Clean Air Act is a federal statute and admits that the

Administrator is an agent of the United States government.  The remaining allegations of this

Paragraph are legal conclusions to which no response is required.

5.　　EPA admits that this case does not concern federal taxes, is not a proceeding

under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930.  The remaining

allegations in this Paragraph are legal conclusions to which no response is required.

6.　　EPA admits the allegations in the first sentence of this Paragraph.  EPA admits

that Plaintiffs bring this suit against the Administrator in his official capacity and that the

Administrator is an officer or employee of EPA who works at EPA headquarters in the District

of Columbia.  EPA denies the remaining allegations in the second sentence.  The allegations in

the third sentence are legal conclusions to which no response is required.

7.　　EPA admits that Plaintiffs mailed copies of notices of intent to sue to the

Administrator relating to identified permits for the Baytown Olefins Plant, the Baytown

Refinery, the Pasadena Refinery, the Port Arthur Refinery, and the Welsh Power Plant.  EPA

admits that copies of the notices are attached to the Complaint as Exhibits F, G, H, I, and J,

respectively.  The chart in this Paragraph characterizes the petitions, which speak for themselves

and are the best evidence of their contents.  To the extent the allegations are inconsistent with the

petitions or the permits, EPA denies the allegations.  The remaining allegations of this Paragraph

are legal conclusions to which no response is required.

8.      EPA admits the allegations in the first sentence of this Paragraph.  EPA admits

that the Administrator has not responded to the five petitions identified in this Complaint.  The

remaining allegations in the second and third sentences of this Paragraph are legal conclusions to

which no response is required.

**PARTIES**

The Plaintiffs

9.      EPA lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegations of this Paragraph and therefore denies them.

10.     EPA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this Paragraph and therefore denies them.

11.     EPA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this Paragraph and therefore denies them.

12.     EPA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this Paragraph and therefore denies them.

13.     EPA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this Paragraph and therefore denies them.

The Defendant

14.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph are legal conclusions to which no response is required. The allegations in the third sentence of this Paragraph characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the third sentence are inconsistent with the Clean Air Act, EPA denies those allegations.

15.     EPA admits that the Administrator has not responded to the five petitions identified in this Complaint.  EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and therefore denies them.

## LEGAL AUTHORITY

16.     This Paragraph characterizes and quotes from the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph are inconsistent with the Clean Air Act, EPA denies those allegations.

17.     The allegations of this Paragraph are legal conclusions to which no response is required.

18.     The first sentence of this Paragraph characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence are inconsistent with the Clean Air Act, EPA denies those allegations.  EPA admits the allegations in the second and third sentences of this Paragraph.

19.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph are inconsistent with the Clean Air Act, EPA denies those allegations.

20.     This Paragraph characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph are inconsistent with the Clean Air Act, EPA denies those allegations.

21.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph are inconsistent with the Clean Air Act, EPA denies those allegations.

## FACTUAL BACKGROUND

Baytown Olefins Plant

22.     EPA admits that ExxonMobil's Baytown Complex is located in Harris County, Texas.  The allegations in the second sentence of this Paragraph that the three sources that comprise ExxonMobil's Baytown Complex are major sources of air pollution are legal conclusions to which no response is required.  EPA admits the remaining allegations in the second sentence, except that EPA lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Baytown Complex is the largest integrated petrochemical manufacturing facility in the United States and therefore denies the allegation. EPA admits the allegations in the third sentence of this Paragraph.

23.     EPA admits the allegations in the first and third sentences of this Paragraph.  EPA admits that the Texas Commission on Environmental Quality issued a draft revised permit for Title V Permit No. O1553, but EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of the second sentence of this Paragraph and therefore denies them.

24.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph characterize Plaintiffs' comments, which speak for

themselves and are the best evidence of their contents.  To the extent the allegations are

inconsistent with Plaintiffs' comments, EPA denies those allegations.

25.    EPA admits the allegations in the first sentence of this Paragraph.  The allegations

in the second sentence of this Paragraph are a legal conclusion to which no response is required.

To the extent a response is required, EPA admits the allegations in the second sentence.

26.    EPA admits the allegations in the first sentence of this Paragraph.  The allegations

in the second sentence of this Paragraph characterize Plaintiffs' petition, which speaks for itself

and is the best evidence of its contents.  To the extent the allegations are inconsistent with the

petition, EPA denies those allegations.  The remaining allegations in the second sentence are

legal conclusions to which no response is required.

27.    EPA admits that the Administrator has not responded to the petition.  The

remaining allegations of this Paragraph characterize the Clean Air Act, which speaks for itself

and is the best evidence of its contents.  To the extent the allegations are inconsistent with the

Clean Air Act, EPA denies those allegations.

28.    EPA admits the allegations of this Paragraph.

Baytown Refinery

29.    The allegation in the second sentence of this Paragraph that the Baytown Refinery

is a major source of air pollution is a legal conclusion to which no response is required.  EPA

admits the remaining allegations of this Paragraph.

30.    EPA admits the allegations in the first sentence of this Paragraph. EPA admits

that the Texas Commission on Environmental Quality issued a draft renewal operating permit for

Title V Permit No. O1229, but EPA lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations of the second and third sentences of this Paragraph and therefore denies them.

31.    EPA admits the allegations of the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with Plaintiffs' comments, EPA denies those allegations.

32.    EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph are legal conclusions to which no response is required. To the extent a response is required, EPA denies the allegations in the second sentence.

33.    EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph characterize Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the petition, EPA denies those allegations.  The remaining allegations in the second sentence are legal conclusions to which no response is required.

34.    EPA admits that the Administrator has not responded to the petition.  The remaining allegations of this Paragraph characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Clean Air Act, EPA denies those allegations.

35.    EPA admits the allegations of this Paragraph.

Pasadena Refinery

36.    The allegation in the first sentence of this Paragraph that the Pasadena Refinery is a major source is a legal conclusion to which no response is required.  EPA admits the remaining allegations of this Paragraph.

37.     EPA admits the allegations in the first sentence of this Paragraph. EPA admits that the Texas Commission on Environmental Quality issued a draft permit for Title V Permit No. O3711, but EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of the remaining allegations in the second and third sentences of this Paragraph and therefore denies them.

38.     EPA admits the allegations in the first sentence of this Paragraph. The allegations in the second sentence of this Paragraph characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with Plaintiffs' comments, EPA denies those allegations. EPA admits the allegations of the third sentence of this Paragraph. EPA admits that the Texas Commission on Environmental Quality extended the public comment period until January 28, 2016. The remaining allegations in the fourth sentence of this Paragraph are legal conclusions to which no response is required.

39.     EPA admits the allegations of this Paragraph.

40.     EPA admits the allegations in the first sentence of this Paragraph. The allegations in the second sentence of this Paragraph are legal conclusions to which no response is required. To the extent a response is required, EPA admits the allegations in the second sentence.

41.     EPA admits the allegations in the first sentence of this Paragraph. The allegations in the second sentence of this Paragraph characterize Plaintiffs' petition, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Plaintiffs' petition, EPA denies those allegations. The remaining allegations in the second sentence are legal conclusions to which no response is required.

42.     EPA admits that the Administrator has not responded to the petition.  The remaining allegations of this Paragraph characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Clean Air Act, EPA denies those allegations.

43.     EPA admits the allegations of this Paragraph.

Port Arthur Refinery

44.     The allegation in the second sentence of this Paragraph that the Port Arthur Refinery is a major source of air pollution is a legal conclusion to which no response is required. EPA admits the remaining allegations of this Paragraph except that EPA lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Port Arthur Refinery is "the largest petroleum refinery in the United States" and therefore denies the allegation.

45.     EPA admits the allegations in the first sentence of this Paragraph.  EPA admits that the Texas Commission on Environmental Quality issued a draft permit for Title V Permit No. O1386, but EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of the second sentence and therefore denies the allegations.  The allegations in the third sentence of this Paragraph characterize the public notice issued by the Texas Commission on Environmental Quality, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the public notice, EPA denies those allegations.

46.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph characterize Plaintiffs' comments, which speak for

themselves and are the best evidence of their contents.  To the extent the allegations are

inconsistent with Plaintiffs' comments, EPA denies those allegations.

47.     EPA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this Paragraph and therefore denies the allegations.

48.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations

in the second sentence of this Paragraph are legal conclusions to which no response is required.

To the extent a response is required, EPA denies the allegations in the second sentence.

49.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations

in the second sentence of this Paragraph characterize Plaintiffs' petition, which speaks for itself

and is the best evidence of its contents.  To the extent the allegations are inconsistent with the

petition, EPA denies those allegations.  The remaining allegations in the second sentence are

legal conclusions to which no response is required.

50.     EPA admits that the Administrator has not responded to the petition.  The

remaining allegations of this Paragraph characterize the Clean Air Act, which speaks for itself

and is the best evidence of its contents.  To the extent the allegations are inconsistent with the

Clean Air Act, EPA denies those allegations.

51.     EPA admits the allegations of this Paragraph.

Welsh Power Plant

52.     The allegation in the second sentence of this Paragraph that the power plant is a

major source of air pollution is a legal conclusion to which no response is required.  EPA admits

the remaining allegations of this Paragraph.

53.     EPA admits the allegations of this Paragraph.

54.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with Plaintiffs' comments, EPA denies those allegations.

55.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, EPA admits the allegations.

56.     EPA admits the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph characterize Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the petition, EPA denies those allegations.  The remaining allegations in the second sentence are legal conclusions to which no response is required.

57.     EPA admits that the Administrator has not responded to the petition.  The remaining allegations of this Paragraph characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Clean Air Act, EPA denies those allegations.

58.     EPA admits the allegations of this Paragraph.

**PLAINTIFFS' CLAIMS FOR RELIEF**

**FOR ALLEGED VIOLATIONS OF 42 U.S.C. § 7661d(b)(2)**
**(Failure to Respond to Plaintiffs' Petition)**

**FIRST CLAIM**
**(Failure to Respond to Plaintiffs' Petition**
**for Objection to the Baytown Olefins Plant Permit)**

59.     EPA incorporates by reference its responses in the preceding Paragraphs 1

through 58 of this Answer.

60.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

the Clean Air Act, EPA denies those allegations.

61.     EPA admits the allegations of this Paragraph.

62.     EPA admits the allegations of this Paragraph.

63.     The allegations of this Paragraph are legal conclusions to which no response is

required.

**SECOND CLAIM**

**(Failure to Respond to Plaintiffs' Petition**
**for Objection to the Baytown Refinery Permit)**

64.     EPA incorporates by reference its responses in the preceding Paragraphs 1

through 58 of this Answer.

65.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

the Clean Air Act, EPA denies those allegations.

66.     EPA admits the allegations of this Paragraph.

67.     EPA admits the allegations of this Paragraph.

68.     The allegations of this Paragraph are legal conclusions to which no response is required.

## THIRD CLAIM

### (Failure to Respond to Plaintiffs' Petition for Objection to the Pasadena Refinery Permit)

69.     EPA incorporates by reference its responses in the preceding Paragraphs 1 through 58 of this Answer.

70.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Clean Air Act, EPA denies those allegations.

71.     EPA admits the allegations of this Paragraph.

72.     EPA admits the allegations of this Paragraph.

73.     The allegations of this Paragraph are legal conclusions to which no response is required.

## FOURTH CLAIM

### (Failure to Respond to Plaintiffs' Petition for Objection to the Port Arthur Refinery Permit)

74.     EPA incorporates by reference its responses in the preceding Paragraphs 1 through 58 of this Answer.

75.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Clean Air Act, EPA denies those allegations.

76.     EPA admits the allegations of this Paragraph.

77.     EPA admits the allegations of this Paragraph.

78.     The allegations of this Paragraph are legal conclusions to which no response is required.

## FIFTH CLAIM

### (Failure to Respond to Plaintiffs' Petition for Objection to the Welsh Power Plant Permit)

79.     EPA incorporates by reference its responses in the preceding Paragraphs 1 through 58 of this Answer.

80.     This Paragraph quotes from and characterizes the Clean Air Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Clean Air Act, EPA denies those allegations.

81.     EPA admits the allegations of this Paragraph.

82.     EPA admits the allegations of this Paragraph.

83.     The allegations of this Paragraph are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint sets forth the relief requested by Plaintiffs, to which no response is required.  To the extent a response is required, EPA denies that Plaintiffs are entitled to the requested relief.

## GENERAL DENIAL

To the extent that any allegation is not admitted or otherwise specifically responded to above, EPA denies that allegation.

Dated: October 20, 2017

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Justin D. Heminger*
JUSTIN D. HEMINGER
D.C. Bar No. 974809
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-2689
Fax: (202) 514-8865
justin.heminger@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on October 20, 2017, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.